STRINGER, Judge.
Timmy Terrell Harris seeks review of the final judgment adjudicating Harris guilty of uttering a forged instrument and petit theft, following a jury trial. Harris correctly argues that the trial court erred in permitting in evidence an impermissibly suggestive photo lineup. Accordingly, we reverse and remand this cause for a new trial.
On April 22, 2002, Ahmad Abdel-Aziz was working at Star Food Market when a man came into the store with a check belonging to Willie Mason and asked if the check could be cashed. Abdel-Aziz called Mason’s company and was informed that the check was stolen. Abdel-Aziz told the man he could not cash the check, and the man left the store. Abdel-Aziz called Saad Saad, the owner who was working in another store, and informed him of the incident. Abdel-Aziz was unable to identify the man.
Saad testified that later that day, while he was working at the other store, a man came in wanting to cash another check belonging to Willie Mason. Saad requested identification, and the man gave Saad a Florida identification card. Saad believed the check to be stolen based on his prior conversation with Abdel-Aziz and called the police. The man who attempted to cash the check ran away, and Saad held onto the identification card until the police arrived that day. Seven days later, Saad identified Harris’s photo from a photo lineup. The lineup contained the same photo of Harris that was on the identification card presented to Saad by the suspect.
Harris denied attempting to cash a check at the store and denied any knowledge of the checks belonging to Willie Mason. Harris testified that his identification card was either lost or stolen in February 2002, and he obtained a new identification card later that month. Harris does not contest that the identification card presented at the store was his; rather, Harris asserts that his lost or stolen card was the one presented at the store.
Prior to trial, Harris moved to suppress any testimony concerning the photo lineup. Counsel for Harris argued that the photo lineup was impermissibly suggestive, citing three aspects that distinguished Harris’s photo from the other five photos in the lineup: first, Harris’s photo had a white background while all of the other photos had a dark background; second, Harris was the only one with no facial hair; and third, Harris’s face was noticeably larger or heavier than the men in the other photos.
The two-part test to determine whether an out-of-court identification of a defendant may be admitted is “[f]irst, whether police used an unnecessarily suggestive procedure to obtain an out-of-court identification, and, second, if so, consider *319 ing all the circumstances, whether the suggestive procedure gave rise to a substantial likelihood of irreparable misidenti-fication.” Green v. State, 641 So.2d 391, 894 (Fla.1994) (citing Grant v. State, 390 So.2d 341, 343 (Fla.1980)).
In ruling on the motion, the trial court agreed with Harris as to the first part of the test that the lineup was unnecessarily suggestive. However, in applying the second part of the test for admissibility, the trial court found that the unduly suggestive photo would not result in a “substantial likelihood of irreparable mis-identification.” In determining whether a suggestive procedure gave rise to a substantial likelihood of irreparable misidenti-fication, the court should consider:
the opportunity of the witness to view the criminal at the time of the crime, the witness’ degree of attention, the accuracy of the witness’ prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.
Grant, 390 So.2d at 343 (citing Neil v. Biggers, 409 U.S. 188, 199-200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972)). These factors should be weighed against the corrupting effect of the suggestive identification. Tumblin v. State, 747 So.2d 442, 444 (Fla. 4th DCA 1999).
In this case, Saad viewed the suspect only one time, while he presented the forged check and identification card, at which time Saad turned his attention to calling the police. As to the accuracy of the witness’s prior description, there was no testimony, either in the suppression hearing or in the trial, regarding any prior description by Saad.
It is significant, considering the totality of the circumstances in this case, that the photo of Harris used in the lineup was the same as the photo on Harris’s identification card that was confiscated by Saad at the store. Saad had substantially more time to view the photo on the identification card than he had to view the suspect. Hence, the level of certainty demonstrated by Saad in making the identification can easily be attributed to the fact that Saad had ample time to view the photo of Harris on the identification card and recognized that same photo in the lineup.
The only factor mentioned in the trial court’s finding as to part two of the test is Saad’s testimony regarding what led him to select the photo of Harris. The trial court asked Saad if there was anything about the photo that made him choose it as opposed to the others, and Saad referenced an indentation in Harris’s forehead. The trial court stated that an indentation was not visible in the photograph; though, upon observing Harris in the courtroom, the court stated, “I see what he’s talking about.” The factor relied on by the court, however, could not have contributed to Saad’s selection of Harris’s photo in the lineup, as the dent is not visible in the photograph. Because this is the only factor put forth in the court’s ruling, and as the length of time between the crime and the confrontation is the only other factor that clearly weighs in favor of admission, it cannot be said that, under the totality of the circumstances, the suggestive lineup did not give rise to a substantial likelihood of irreparable misidentification. The trial court erred in denying Harris’s motion to suppress the photo lineup. Accordingly, we reverse the conviction and remand for a new trial.
Reversed and remanded.
WHATLEY and KELLY, JJ., Concur.